R. A. Brown & Co., Appellant, v. Board of Supervisors of Pottawattamie County, the Board of Supervisors of Harrison County, et al.

**Drainage contracts:** FORFEITURE: INJUNCTION. One who has delayed in executing his contract for the construction of a ditch until after the expiration for the time for completing the work, solely on the apprehension that the proceedings leading up to the contract were illegal, does so at his own peril, and he cannot enjoin the letting of a new contract under subsequent proceedings, nor can he enforce his right to carry out his own contract.

**Same.** For failure to perform a contract for the construction of a drainage ditch, the board of supervisors may declare a forfeiture of the same and proceed to let a new contract for the construction of a different ditch; and they are not confined to a forfeiture of the original contractor's cash deposits as their exclusive remedy.

**Estoppel.** One who failed to perform his contract for the construction of a ditch and participated in proceedings looking to the letting of a. new contract for substantially the same work, cannot, upon failure to secure the new contract under his bid, insist upon his right to perform under the old one.

*Appeal from Pottawatlamie District Court.*— HON. N. W. MACY, Judge.

WEDNESDAY, FEBRUARY 7, 1906.

THIS is an action to enjoin the defendants from letting contracts under proceedings for the construction of a public ditch, and to compel them to carry out a contract alleged to have been made by them with plaintiff for the construction of a portion of the proposed ditch under prior proceedings. After a trial on the merits, the court entered a decree denying plaintiff relief, from which decree this appeal is prosecuted.— *Affirmed.*

*Wright & Baldwin, Harry R. Lewis,* and *J. S. Dewell,* for appellant.

*L. W. Fallon,* County Attorney of Harrison County, *John J. Hess,* County Attorney of Pottawattamie County, *W. H. Killpack,* and *C. W. Kellogg,* for appellees.

McCLAIN, C. J.— It appears that certain proceedings were had for the location and construction of a public ditch in Harrison and Pottawattamie counties, under the provisions of Code, section 1939 *et seq.,* and that plaintiff's bid for a portion of the work was accepted. But, before any actual work had been done by plaintiff in performance of its con-

tract, doubts arose as to the validity of the proceeding, and no further steps were taken by plaintiff to carry out the undertaking, until in August, 1905. In the meantime new proceedings had been instituted in the respective counties, under Acts 30th General Assembly, chapter 68, in pursuance of which bids were received and contracts made for the construction of a ditch intended to drain substantially the same territory, but not entirely corresponding with the former proposed ditch, being larger in size and to be constructed through portions of its course on other lines than those specified in the first proceeding. Before the contracts for the new ditch were let, plaintiff protested willingness to proceed under the contract for the first ditch, and asked directions as to the construction of the proposed new ditch, and demanded that it be allowed to construct a portion of that ditch under the terms of its contract. This protest not being regarded by the respective boards, plaintiff made a bid in competition with others for constructing the new ditch, and, upon the awarding of this contract to another, plaintiff instituted this action to enjoin the defendants from proceeding with the construction of the ditch under the new contract and to compel them to carry out the original contract with plaintiff.

I.     The original contract between plaintiff and defendants specified that the work to be done under that contract should be completed on or before May 1, 1905. It is conceded that no portion of the work was done up to that time, and that no portion of it has still been done, and it is clear that plaintiff is without any remedy to enforce the right to carry out the contract after the defendants have practically declared it forfeited by commencing new proceedings for the construction of another ditch for the same territory, unless plaintiff has some legal excuse for not completing the work within the time specified. It is to be noticed that this is not a case where a portion of the work has been done and its completion has been prevented, but, on the other hand, that the plaintiff has wholly failed

1. DRAINAGE CONTRACTS: forfeiture: injunction.

to enter upon the performance of his contract and has done nothing for which he would be entitled to compensation under the terms of the contract.

It is contended, however, for the plaintiff, that by mutual understanding between him and the respective boards of supervisors, the performance of the work was to be postponed until the validity of the first proceeding and the constitutionality of the law should be determined. It appears from the testimony that there was doubt on both sides as to the validity of the proceedings, and that representatives of the plaintiff had conversations and correspondence with the county auditors and members of the boards of supervisors as to whether plaintiff should proceed. But there was no objection on the part of defendants to the carrying out of the contract by plaintiff, and the sole question was whether plaintiff was likely as a matter of law to be able to get the money which he was to have for his work. The defendants interposed no obstacle to the performance of the work, and we think that plaintiff must be held to have acted at its peril in postponing the performance until after the time for performance had expired. Indeed plaintiff seems to have abandoned, for more than a year prior to the institution of the new proceeding, any idea of performing the contract, and, only after the decision in *Ross v. Board of Supervisors of Wright County,* 128 Iowa, 427, was handed down by this court, in which it was held that proceedings already commenced under the provisions of the Code might be continued under the provisions of Acts 30th General Assembly, page 59, chapter 67, by complying with the requirements of the new statute, did plaintiff entertain any idea that he had a contract which might be specifically enforced. Plaintiff was not a party to any action with regard to the validity of the proceedings first instituted for the construction of a ditch, nor was he enjoined by any action from carrying out his contract. The county officers and members of the boards of supervisors with whom plaintiff conferred and corresponded had no authority to set

aside plaintiff's contract or release him from the performance thereof.    It is provided in the contract that:

> The contractor shall not be entitled to any claim for hindrance or delay from any cause whatever in the progress of the work or any portion thereof, but such hindrance may entitle the contractor to an extension of time for the completion of this contract sufficient to compensate for the detention; the same to be determined by the boards of supervisors of the several counties, provided that immediate notice of said cause of detention be served on the said boards of supervisors.

No notice of any cause of detention was given by plaintiff to the boards of supervisors or either of them, and no extension of time was granted.    It is to be borne in mind that plaintiff's failure to carry out his contract was not attributable to any fault or omission of the defendants.    Nothing which defendants were to do under the contract prior to its performance by plaintiff was omitted to be done.    The simple fact is that plaintiff thought the proceeding to be illegal and his contract unenforcible, and for that reason failed to perform.    It cannot now ask equitable relief on the theory that, if it had performed, the contract would have been enforceable as against defendants.

II.    Counsel for appellant contend that the only remedy of defendants for failure of plaintiff to carry out its contract was a formal declaration of forfeiture, as provided in Code, section 1944.    But the provision of that section

2. SAME.

relates to a forfeiture of the cash deposit of the bidder and recovery of the penalty provided for in his bond. The defendants were not under any obligation to proceed in this manner, but might, if they saw fit, treat the whole contract as forfeited and institute new proceedings for the construction of a different ditch.    They were not bound to allow the county auditors to relet the work under the former proceedings.

At any rate, the plaintiff is in no position to complain

of such new proceedings and to restrain the defendants from making new contracts under the substituted plan for the construction of the ditch. To allow plaintiff to construct the new ditch, which is larger in size than the one contemplated under the first contract, at tne rate of compensation provided for in that contract, would involve a much greater expense for the work than is necessary, and plaintiff recognized this fact in submitting a bid under the new proceedings. Having failed to get the contract under this bid, he cannot with much grace contend that he should now be allowed to perform the same work under tne old contract.

3, ESTOPPEL.

We reach the conclusion that plaintiff was not entitled to any relief, and the decree of the lower court is *affirmed.*